UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKEY NELSON SWIFT,
        Plaintiff,

    v.                                              Case No.07-C-0858

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT,
PO SMITH, PO WALLICH and
UNKNOWN Police Officers,
        Defendants.

## DECISION AND ORDER

Plaintiff, Rickey Nelson Swift, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Before me are plaintiff's motion for leave to proceed in forma pauperis and request for appointment of counsel.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust

account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Pursuant to this court's order dated November 30, 2007, plaintiff has been assessed and paid an initial partial filing fee of $19.42.[2] Thus, plaintiff will be permitted to proceed in forma pauperis. The balance of the filing fee will be collected as set forth below.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

[2] To date, plaintiff has paid $100.00 of the $350.00 filing fee.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A.      Background**

Plaintiff is currently incarcerated at the Milwaukee County Jail. Defendants Smith, Wallich and Unknown are Milwaukee Police Department officers. The complaint also names the City of Milwaukee and the Milwaukee Police Department as defendants.

On September 9, 2004, at approximately 1:30a.m., plaintiff heard a knock on his

3

front door. When he answered the door, plaintiff found defendants Smith and Wallich waiting on his doorstep. Defendant Smith stated that he received a complaint about loud music coming from plaintiff's house. Plaintiff stated that he would lower the music. Plaintiff then shut the door and turned down his music.

Plaintiff then heard another knock at his front door. Plaintiff opened the door to find that defendants Smith and Wallich were still waiting on his doorstep. Plaintiff asked defendant Smith if there was a problem, to which Smith replied that "he would like to come in and look around." (Compl. at 2). Plaintiff stated that he would not open the door until a sergeant arrived. Defendant Smith replied that if plaintiff did not open the door, he was going to kick it in.

Defendants Smith and Wallich proceeded to kick in plaintiff's front door and they entered his home at gunpoint. Plaintiff was immediately handcuffed and searched. Plaintiff asked to see a search warrant, to which defendant Smith replied, "we don't need a search warrant." (Compl. at 3).

At some point, a sergeant asked plaintiff where he kept the cash box. Plaintiff stated that he was having a party and that there was no cash box. Plaintiff was then taken to a squad car, where he was detained for approximately 45 minutes. During this time, various officers searched his house. Plaintiff was eventually taken to the police station. He was released the next morning and was not issued a ticket or charged with any crime.

Plaintiff avers that he was falsely arrested and that his person and his home were illegally searched. He charges defendants with false imprisonment and violating his rights under the Fourth, Fifth and Fourteenth Amendments. He demands monetary damages and injunctive relief.

**B.    Analysis**

   **1.    Fourth Amendment**

Plaintiff alleges that his Fourth Amendment rights were violated when he was unlawfully arrested and falsely imprisoned. Under the Fourth Amendment, plaintiff enjoys a right to be free from arrest without probable cause. Beck v. Ohio, 379 U.S. 89, 91 (1964). False imprisonment claims are also cognizable under the Fourth Amendment. See Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989). However, the existence of probable cause for arrest is an absolute bar to a section 1983 claim for unlawful arrest and false imprisonment. Id. In the present case, plaintiff avers that defendants lacked probable cause and he did not commit any crime. Thus, plaintiff may proceed on his unlawful arrest and false imprisonment claims.

Next, plaintiff alleges that his person and his home were illegally searched. Law enforcement officers may conduct a full search of an arrestee "in order to discover weapons the arrestee might be carrying and to preserve evidence that might be destroyed." United States v. Sawyer, 224 F.3d 675, 678 (7th Cir. 2000) (citing United States v. Robinson, 414 U.S. 218, 235 (1973) and United States v. Rodriguez, 995 F.2d 776, 778 (7th Cir. 1993)). However, such a search is permissible only if the arrest was legal. Id. (citing United States v. Kincaid, 212 F.3d 1025, 1028 (7th Cir. 2000) and United States v. Levy, 990 F.2d 971, 974 (7th Cir. 1993)). Moreover, absent exigent circumstances, law enforcement officers are prohibited from making a warrantless and nonconsensual entry into an individual's home. Payton v. New York, 445 U.S. 573, 587-89 (1980). Here, plaintiff asserts that his arrest was illegal. Thus plaintiff's claims that his home and his

person were illegally searched are sufficient to state Fourth Amendment claims.[3]

Finally, plaintiff appears to allege that defendants used excessive force in conducting the search and seizure of plaintiff and his home–namely, that they kicked down his door and held him at gunpoint–in violation of the Fourth Amendment's prohibition of unreasonable searches and seizures. See Graham v. Connor, 490 U.S. 386, 394 (1989). The reasonableness inquiry is objective: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. The amount of permissible force depends on the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. At this stage, plaintiff may also proceed on an excessive force claim under the Fourth Amendment.

### 2. Fourteenth Amendment

Plaintiff asserts that defendants violated his rights under the Fourteenth Amendment. Although the basis for this claim is unclear, I construe it as alleging a due process violation. The allegations in plaintiff's complaint, however, implicate the Fourth Amendment as the "most explicit source of constitutional protection." Id. at 395; see also Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005). Thus, plaintiff's claims are more appropriately analyzed under the Fourth Amendment rather than the more general

---

[3] It is unclear at this stage of the proceedings whether plaintiff's Fourth Amendment claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), which provides that any § 1983 claim that implies the invalidity of a conviction or sentence, including a claim for damages, is not cognizable under § 1983 unless certain prerequisites have been met.

6

Fourteenth Amendment due process standards.

### 3. Fifth Amendment

Plaintiff avers that defendants violated his Fifth Amendment rights. The Fifth Amendment protects individuals from being deprived of life, liberty or property without due process of law by the federal government. Caldwell v. Miller, 790 F.2d 589, 602 (7th Cir. 1986). Here, the defendants are not federal officers but municipal and county employees. Moreover, as noted above, I must analyze plaintiff's allegations under the most "explicit source[s] of constitutional protection," Graham, 490 U.S. at 395 (1989), and in this case, the salient constitutional claims arise under the Fourth Amendment. Thus, plaintiff's claims do not implicate the Fifth Amendment.

### 4. State Law Claim

Plaintiff avers that he was falsely imprisoned, a claim that is recognized under Wisconsin state law. See, e.g., Maniaci v. Marquette University, 50 Wis.2d 287, 295 (1971) (noting that a "'lawful' restraint does not constitute false imprisonment, though it may well constitute some other tort."). Courts may exercise supplemental jurisdiction over claims so related to claims in an action that they form part of the same case or controversy. 28 U.S.C. §1367(a); see also Groce v. Eli Lilly & Co., 193 F.3d 496, 500 (7th Cir. 1999) (district courts have the discretion whether to retain or refuse jurisdiction over state law claims). Generally, § 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003); see also Archie v. City of Racine, 847 F.2d 1211, 1216-17 (7th Cir. 1988) (violation of state law does not give rise to an actionable § 1983 claim unless it independently violates the

7

constitution or federal law). Inasmuch as plaintiff has alleged that there was no probable cause for his arrest, and he is proceeding on related constitutional claims, I will exercise supplemental jurisdiction over his state false imprisonment claim.

### 5. Personal Involvement

The complaint names the City of Milwaukee and the Milwaukee Police Department as defendants. The police department is not a separate entity that can be sued under § 1983. Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997); West v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997). Rather the City of Milwaukee is the appropriate defendant. Id. However, plaintiff has failed to state a claim against the City of Milwaukee. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). To state a claim against a municipality, plaintiff must allege:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 734-35 (7th Cir. 1994) (internal citations and quotations omitted).

In the present case, plaintiff has not provided any facts showing that the alleged violation of his constitutional rights occurred as the result of any policy or at the direction of an officer with final policy-making authority. Thus, defendants City of Milwaukee and the Milwaukee Police Department will be dismissed.

8

## II. REQUEST FOR APPOINTMENT OF COUNSEL

By letter dated December 11, 2007, plaintiff asked that he be appointed counsel to represent him in this action. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

In this case, plaintiff has not satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Further, he is proceeding on several narrow claims under the Fourth Amendment. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied without prejudice.

## III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants City of Milwaukee and Milwaukee Police Department are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claim alleging a violation of the Fifth Amendment are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the plaintiff's request for appointment of counsel (Docket # 4) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $250.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge