# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKEY NELSON SWIFT,**

    **Plaintiff,**

    v.                                                               Case No. 07-C-0858

**PO SMITH, PO WALLICH, SGT. KRISTIN M. RIESTRA,
and UNKNOWN Police Officers,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff Rickey Nelson Swift filed this pro se civil rights complaint under 42 U.S.C. § 1983. This petition for leave to proceed <u>in forma pauperis</u> was granted by the court on May 13, 2008. The named defendants have been properly served and have filed a responsive pleading. Now before me are a number of motions filed by the parties.

### I. DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER

Defendants Smith and Wallach have moved the court for leave to file a Second Amended Answer. Defendants failed to assert the statute of limitations as a defense in their initial responsive pleading. Upon review, they have determined that plaintiff's state law claim for false imprisonment is untimely as a matter of law. Wisconsin Stat. § 893.57 provides only a two year statute of limitations for false imprisonment claims. Defendants wish to add an affirmative defense that plaintiff's state law claim for false imprisonment is barred by the applicable statute of limitations.

Federal Rule of Civil Procedure 8(c) requires defendants to plead a statute of limitations defense and any other affirmative defense in their answer to the complaint, which

defendants here did not do.  However, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially.  Fed. R. Civ. P. 15(a). "Amendment is allowed absent undue surprise or prejudice to the plaintiff." Jackson v. Rockford Housing Auth., 213 F.3d 389, 392-93 (7th Cir. 2000).

In Williams v. Lampe, the Seventh Circuit found that the district court had not abused its discretion in allowing the defendants to add the defense because:

> [T}he state judge here gave Williams time to respond to the defendants' limitations defense.  The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.  Thus, where the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint.

399 F.3d 867, 871 (7th Cir. 2005) (internal citations omitted).

In Venters v. City of Delphi, 123 F.3d 956, 968 (7th Cir. 1997), the Seventh Circuit reversed the district judge's decision to allow the assertion of a statute of limitations defense because the defendants raised it for the first time in a reply memorandum in support of their summary judgment motion, on the eve of oral argument.  "By permitting the defendant to raise the issue at the eleventh hour and giving plaintiff almost no time to respond, [the Seventh Circuit] concluded the district court had 'bushwacked' the plaintiff." Williams v. Lampe, 399 F.3d 867, 871 (7th Cir. 2005) (quoting Venters, 123 F.3d at 969).

In this case, defendants filed their motion to amend their answer concurrently with their motion for summary judgment on November 10, 2008.  Defendants' brief in support of their motion for summary judgment contains the argument that plaintiff's state law false imprisonment claim is barred by the applicable statute of limitations.  Plaintiff had the opportunity to respond to the statute of limitations argument as part of his opposition to

2

defendants' motion. Therefore, plaintiff is not unduly prejudiced by the addition of the statute of limitations affirmative defense, and I will grant defendants' motion.

## II. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

On November 19, 2008, plaintiff filed a motion requesting an additional 60 days to respond to defendants' motion for summary judgment, which was filed on November 10, 2008. He indicated that he was being transferred to a new institution and that he was awaiting discovery responses from defendants. Plaintiff filed his response to defendants' motion for summary judgment on December 23, 2008. Pursuant to Fed. R. Civ. P. 6(b)(1)(A), I will grant plaintiff's motion and accept his response as timely.

## III. DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT

Defendants filed a motion to strike plaintiff's response. They argued simply that plaintiff's response was untimely and should therefore be stricken. However, defendants do not acknowledge or address plaintiff's motion for extension of time. In light of the above decision to grant plaintiff's motion and accept his response as timely, I will deny defendants' motion to strike plaintiff's response.

## IV. PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff has filed a motion for leave to file an amended complaint. He seeks to identify a female sergeant named in his original complaint as Sgt. Kristin M. Riestra, of the Milwaukee Police Department. Plaintiff's motion does not comply with Civil L.R. 15.1 (E.D. Wis.), and I will deny it.

However, plaintiff need not amend his complaint to identify a defendant originally named as an unknown police officer. It is the duty of the district court to assist prisoner

3

plaintiffs in making the investigation necessary to identify proper defendants. Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555, fn3 (7th Cir. 1996) (citing Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788-90 (7th Cir. 1995)). Where, as here, plaintiff has identified one of the previously unknown defendants, I will direct the Clerk of Court to update the docket in this matter to reflect that one of the unknown police officers has been identified as Sgt. Kristin M. Riestra. Additionally, I will order the United States Marshal to serve Sgt. Kristin Riestra.

## V. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that defendants' motion for leave to file Second Amended Answer (Docket #29) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #32) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's leave to file an amended complaint (Docket #33) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket to identify one of the unknown police officers as Sgt. Kristin M. Riestra.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant Sgt. Kristin M. Riestra, of the Milwaukee Police Department, pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service

packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiff's affidavit in opposition to summary judgment (Docket #37) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge