# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKEY NELSON SWIFT**

        **Plaintiff,**

    v.                                        Case No. 07-C-0858

**PO SMITH, PO WALLICH,
SGT. KRISTIN M. RIESTRA,
and UNKNOWN POLICE OFFICERS**

        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Rickey Nelson Swift filed this pro se civil rights complaint under 42 U.S.C. § 1983. He is proceeding in forma pauperis on Fourth Amendment unlawful arrest, false imprisonment, illegal search, and excessive force claims, as well as a state law false imprisonment claim. Before me now are (1) defendants' motion for summary judgment, and (2) plaintiff's motions for leave to file a second amended affidavit and a late memorandum of law.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a

dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## II. BACKGROUND

On September 12, 2004, at approximately 1:15 a.m., defendants Smith and Wallich completed a patrol assignment in the 3600 block of North 40th Street in Milwaukee, Wisconsin. They were approached by two citizens who said there was alcohol being served to female juveniles at Swift's address, and defendants Smith and Wallich could hear loud music and people shouting from the address. Defendants approached the front door of the house and had a conversation with plaintiff. According to plaintiff, he was hosting a party. Officer Smith stated "that he got a call to plaintiff home for loud music." Plaintiff told the officers that he would turn down the music, and he then shut the door and turned the music down. Defendants claim plaintiff responded with profane language, which plaintiff denies.

Plaintiff heard another knock at the front door and, when he answered it, he asked Officers Smith and Wallich if there was a problem. Defendants claim they could see youths drinking alcohol through the screen door. Plaintiff claims he spoke through the closed, locked front door (thereby obstructing their view). According to plaintiff, officer

2

Smith said that "he would like to come in and look around", to which plaintiff responded "no." Plaintiff said that he would not open the door again until he saw a sergeant or a search warrant. Defendant Smith claims he then heard panicked screaming from the females inside the residence. Defendant Wallich does not claim he heard a scream. Officer Smith told plaintiff to open the door and cooperate or they would have to force the door open and arrest him. Shortly thereafter, Officers Smith and Wallich kicked the front door in and forced their way into plaintiff's home with their guns pointed at plaintiff. They did a visual protective sweep to make sure that there was no physical threat to safety, and they determined that there was no one in immediate distress. The screams ceased, and defendant Smith asked plaintiff what his name was. Plaintiff was then taken into custody and patted down incident to arrest.

Defendants Smith and Wallich called for a sergeant and back-up squad to come to the scene to fill out a use-of-force report for the front door and to conduct interviews of persons present in the residence. Plaintiff was placed in the back of the squad car for about forty-five minutes. Defendants Smith and Wallich claim they did not search the house during this time. Defendant Smith drove plaintiff to the District 7 police station and booked him for Obstruction of an Officer, while defendant Wallich waited at the scene for the front door to be boarded and secured. Plaintiff paid $50.00 bail and was released. Plaintiff affirms that he was neither charged nor given a citation regarding this incident.

3

## III. ANALYSIS

**A.     Civil L.R. 56.2**

Defendants filed their motion for summary judgment on November 10, 2008. Plaintiff filed an affidavit in opposition, and defendants submitted a reply. Then, on July 22, 2009, plaintiff submitted two additional pleadings, a motion for leave to file second amended affidavit in opposition to defendants' motion for summary judgment and a motion for leave to file a late memorandum of law in opposition to defendants' motion for summary judgment. Defendants have not responded to plaintiff's motions.

Plaintiff argues that I should consider his new memorandum and affidavit in opposition to defendants' motion for summary judgment for several reasons. First, he contends that he had no access to a law library while housed at the Milwaukee County Jail for twenty-six months and that he had only very limited access to the law library at Dodge Correctional Institution while he was there for intake into the Wisconsin prison system. Second, plaintiff asserts that defendants failed to provide him with the text of Civil Local Rule 56.2 as part of their motion for summary judgment. He suggests that this omission is why his original response to defendants' motion was deficient and asks the court to consider his more thorough response.

Defendants did not include the text of Civil L.R. 56.2 with their motion for summary judgment, which is required by Civil L.R. 56.1 and Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). Civil L.R. 56.2 is especially important because it warns pro se litigants about the consequences of a failure to respond to proposed findings of fact or to propose their own findings of fact. Where no prejudice has occurred the failure to give proper warnings may

4

be excused. See Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994); Timms v. Frank, 953 F.2d 281, 286 (7th Cir.1992).

Originally, plaintiff responded simply with an affidavit addressing defendants' findings of fact line by line. Plaintiff's new submission contains a complete narrative of the night's events in an affidavit, a brief, and a response to defendants' proposed findings of fact, including citations to the record. In the interest of allowing plaintiff to tell his story and advance his claims, I will grant plaintiff's motions and consider his new affidavit and memorandum of law in opposition to defendants' motion for summary judgment. I consider the combination of defendants' failure to provide Civil L.R. 56.2 and plaintiff's difficulty accessing a law library good cause for allowing plaintiff to amend his submissions. I have disregarded plaintiff's earlier affidavit because it has been superseded by plaintiff's second amended affidavit.

**B.    False Imprisonment**

Plaintiff failed to bring his state law false imprisonment claim within two years of the incident. "An action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person shall be commenced within 2 years after the cause of action accrues or be barred." Wis. Stat. § 893.57 (2009). Plaintiff claims he was falsely imprisoned on September 12, 2004. However, he did not file his complaint in this matter until September 21, 2007, over three years after the alleged incident. Thus I grant summary judgment to defendants on this claim.

5

### C. Fourth Amendment Claims

Plaintiff advances four theories of recovery under § 1983 and the Fourth Amendment: (1) his arrest was unlawful, (2) the search of his person was unreasonable, (3) the search of his home was unreasonable, and (4) defendants exercised excessive force in the search and seizure. Defendants Smith and Wallich submit that they are entitled to summary judgment on plaintiff's claims because they had probable cause to arrest plaintiff, there was no illegal search or seizure, and there is no merit to an excessive force claim. Defendants also argue that they are entitled to qualified immunity.

#### 1. Warrantless Entry

An unconstitutional entry into the home will vitiate the legitimacy of any search or seizure effected on that occasion because the privacy and solitude of the home are at the core of the Fourth Amendment's protection. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1246 (7th Cir. 1994). Warrantless searches and seizures inside a home are presumptively unreasonable and are prohibited by both the United States and Wisconsin Constitutions. Payton v. New York, 445 U.S. 573, 575, 583-88 (1980); State v. Hughes, 2000 WI 24, ¶ 15, 233 Wis. 2d 280. However, there is an exception to the warrant requirement in felony cases where the government can show both probable cause and exigent circumstances. Payton, 445 U.S. at 583-88; Hughes, 2000 WI 24 at ¶ 15. Once the veil of the home has been legally pierced, there is no need for police officers to turn a blind eye to crime, so long as the arrest is otherwise effected in compliance with the constitutional requirement of probable cause. Sheik-Abdi, 37 F.3d at 1246.

The Seventh Circuit recently set forth the standard for probable cause:

6

> A police officer has probable cause to arrest a person if, at the time of the arrest, the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). In ascertaining whether an officer had probable cause, the court is to view the circumstances from the perspective of a reasonable person in the position of the officer. Chelios, 520 F.3d at 686. The jury must determine the existence of probable cause "'if there is room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them.'" Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1013-14 (7th Cir. 2006) (quoting Maxwell v. City of Indianapolis, 998 F.2d 431, 434 (7 Cir. 1993)). Only if the underlying facts claimed to support probable cause are not in dispute may the court decide whether probable cause exists. Maxwell, 998 F.2d at 434.

Gonzalez v. City of Elgin, No. 08-2658, 2009 WL 2525565, at *9 (7th Cir. Aug. 20, 2009). Probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely that not that the suspect committed a crime." Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008) (quoting United States v. Sawyer, 224 F.3d 675, 679 (7th Cir. 2000)).

Defendants are not entitled to summary judgment on the search and seizure claims. Smith and Wallich assert that they had probable cause to believe that plaintiff was obstructing an officer in violation of Wis. Stat. § 946.41(1) ("Whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority, is guilty of a Class A misdemeanor"). It is true that plaintiff locked the door and refused to open it. However, even if these acts amounted to probable cause,[1] this misdemeanor cannot justify the warrantless entry into plaintiff's home. Welsh v. Wisconsin, 466 U.S. 740, 752 (1984) ("application of the exigent-circumstances exception in the

---

[1] It seems strange that defendants attempt to justify their attempt to enter plaintiff's home on plaintiff's refusal to admit them.

7

context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense. . . has been committed"). Nor can the investigation into the noise disturbance or underage drinking justify the warrantless entry, for the same reason.[2]

Further, the existence of exigent circumstances is disputed. Defendant Smith claims the screaming occupants presented exigent and compelling circumstances. However, under the light most favorable to plaintiff, whether the occupants screamed is a disputed issue of material fact. Plaintiff states that defendants simply wanted to enter his house and kicked his door in without ever hearing any screams. Defendants have provided no evidence beyond Smith's affidavits in opposition. Moreover, it should be pointed out that the affidavits of Officers Wallich and Smith contradict each other on this point. Wallich testifies that they forced entry, without any mention of hearing screams. As such, defendants are not entitled to summary judgment based on that theory.

Because defendants failed to establish that their entry into the home was lawful, they are not due summary judgment on the Fourth Amendment claims concerning false arrest or illegal search of plaintiff's person.

**2. Search of the House**

I grant summary judgment to defendants on the claim that they illegally searched plaintiff's home. Plaintiff presents no evidence indicating that a search took place. He states only that he believes defendants searched his home while he was in custody. Defendants deny searching the home and claim that they merely interviewed occupants,

---

[2] It is disputed whether or not defendants could see youths drinking alcohol inside the residence.

8

filled out a damage report, and remained until the door had been securely boarded. Defendants' presence in the home, even if unlawful, does not constitute a search by itself.

### 3. Excessive Force Claim

"A claim that a police officer has used excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a citizen is addressed to the reasonableness of the seizure, under the standards established by the Fourth Amendment." Gonzalez, 2009 WL 2525565, at *11 (citing Graham v. Connor, 490 U.S. 386, 395 (1989); Abdullahi v. City of Madison, 423 F.3d 763, 768 (7th Cir. 2005)). An officer's use of force is unreasonable only if, "judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." Id. at *11 (quoting Lester v. City of Chicago, 830 F.2d 706, 713 (7th Cir. 1987)). "While police are not entitled to point their guns at citizens when there is no hint of danger, they are allowed to do so when there is reason to fear danger. Baird v. Renbarger, No. 08-2436, 2009 WL 2357882, at *4 (7th Cir. Aug. 3, 2009) (emphasis in original).

I deny summary judgment on the excessive force claim because the exigent circumstance identified by the defendants, screaming, is in dispute. Whether defendants acted reasonably hinges on whether the fact finder believes that youths inside the house were screaming in a panicked matter. Absent the screaming, the officers drew their weapons and kicked in the door simply because plaintiff refused to open it. That would not be reasonable.

9

### 4. Qualified Immunity

An officer conducting a search is entitled to qualified immunity where clearly established law does not show that the search violated the Fourth Amendment. Pearson v. Callahan, 129 S. Ct. 808, 822 (2009). This inquiry turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Id. (quoting Wilson v. Layne, 526 U.S. 603, 614 (1999); See Hope v. Pelzer, 536 U.S. 730, 739 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful" (internal quotation marks omitted))

The Supreme Court of the United States has articulated a two-part test for qualified immunity: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Courts may exercise their sound discretion in deciding which of the two prongs should be addressed first in light of circumstances in the particular case at hand. Pearson, 129 S. Ct. at 818.

Defendants have not demonstrated that they are entitled to qualified immunity. As discussed above, a fact finder could decide that the warrantless entry rendered the arrest and use of force unreasonable. The Fourth Amendment right protecting the home from warrantless night entry based upon a minor offense was clearly established at the time of the events at issue. See Welsh, 466 U.S. at 752. A reasonable officer would have known that he could not kick in a door and point his weapon at juveniles creating a noise disturbance.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for leave to file second amended affidavit in opposition to defendants' motion for summary judgment (Docket #43) is **GRANTED**.

**IT IS ORDERED** that plaintiff's motion for leave to file late memorandum of law in opposition to defendants' motion for summary judgment (Docket #44) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket #19) is **GRANTED IN PART**.

Dated at Milwaukee, Wisconsin, this 1 day of September, 2009.

/s
LYNN ADELMAN
District Judge